**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

**LELAND HOUSE LIMITED PARTNERSHIP COMPANY,**

Debtor.
_____/

Case No. 25-51190
Chapter 11
Hon. Maria L. Oxholm

# STIPULATION TO ENTRY OF INTERIM CASH COLLATERAL ORDER

Leland House Limited Partnership Company ("Debtor"), Capital Impact Partners, The City of Detroit, ASTI Environmental, and the United States Trustee, by and through their respective counsel, hereby stipulate, to entry of the attached proposed Order. (**Exhibit 1**).

| **HEILMAN LAW PLLC** | **DYKEMA GOSSETT PLLC** |
|---|---|
| By: /s/ Ryan D. Heilman<br>Ryan D. Heilman (P63952)<br>*Attorney for Debtor*<br>40900 Woodward Ave., Ste. 111<br>Bloomfield Hills, MI  48304<br>Telephone: (248) 835-4745<br>ryan@heilmanlaw.com | By: /s/ Danielle Rushing Behrends<br>Danielle Rushing Behrends<br>Texas Bar No. 24086961<br>*Attorney for Capital Impact Partners*<br>112 East Pecan Street, Suite 1800<br>San Antonio, Texas 78205<br>Telephone: (210) 554-5500<br>dbehrends@dykema.com |
| **ANDREW R. VARA**<br>**UNITED STATES TRUSTEE** | ***Stipulate As to Form Only***<br>**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.** |
| By: /s/ Paul J. Randel<br>Paul J. Randel (P58419)<br>*Attorney for U.S. Trustee, Andrew R. Vara*<br>211 W. Fort St., Ste. 700<br>Detroit, MI  48226<br>Telephone: (313) 226-7999<br>paul.randel@usdoj.gov | By: /s/ Marc N. Swanson<br>Marc N. Swanson (P71149)<br>150 W. Jefferson Ave., Suite 2500<br>Detroit, MI 48226<br>Telephone: (313) 496-7591<br>swansonm@millercanfield.com |

| | |
|---|---|
| **ASTI ENVIRONMENTAL**<br><br>By: /s/   Patrick Boland<br>   Patrick Boland (P49847)<br>   *Attorney for ASTI Environmental*<br>   1849 Pond Run<br>   Auburn Hills, MI   48342<br>   Telephone: (248) 689-9090<br>   pboland@peagroup.com | |

**Exhibit 1 – Proposed Order**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **In re:** | Case No. 25-51190 |
| **LELAND HOUSE LIMITED PARTNERSHIP COMPANY,** | Chapter 11 |
| | Hon. Maria L. Oxholm |
| Debtor. | |
| _____/ | |

**FIRST DAY ORDER AUTHORIZING USE OF CASH COLLATERAL,
AUTHORIZING ADEQUATE PROTECTION AND
<u>SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001</u>**

This matter having come before the Court upon the Debtor's First Day Motion for Entry of Interim and Final Orders Authorizing Debtor to Use of Cash Collateral, Authorizing Adequate Protection, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 ("<u>Motion</u>");[1] the Court having reviewed the Motion, the Declaration in Support of Debtor's First Day Motions; and the Court being fully advised in the premises;

**THE COURT FINDS** that:

    A.    Debtor requires the use of cash collateral on an emergency basis to pay payroll obligations and to fund its necessary business expenses, including insurance, maintenance, and other expenses necessary for Debtor to maintain its operations and comply with the United States Trustee's Guidelines for the operation of a business by a debtor-in-possession.

---

[1] All capitalized terms not defined herein have the meanings ascribed to them in the Motion.

B. Debtor will suffer irreparable harm if this Order is not entered on an interim basis. Among other things, Debtor requires the use of cash collateral to pay wages and salary which, if not paid, will result in immediate and irreparable harm to Debtor and severe hardship to Debtor's employees.

**IT IS HEREBY ORDERED** that:

1. Debtor is authorized to use cash collateral on an interim basis, to pay ordinary course business costs and expenses in an amount not to exceed $20,000. Nothing in this Order permits Debtor to make utility deposits unless authorized by further Order of this Court.

2. The following Adequate Protection in favor of Capital Impact Partners is approved:

   a. Replacement Liens are hereby granted to Capital Impact Partners in all Debtor's post-petition acquired assets to the same extent, and with the same validity and priority, as Capital Impact Partners' prepetition liens and security interests, limited to the amount necessary to protect Capital Impact Partners from a diminution in the value of the pre-petition collateral. For the avoidance of doubt, the Replacement Liens shall attach only to the categories of assets to which Capital Impact Partners' pre-petition liens attached, and shall not attach to any avoidance actions (or their proceeds) arising under Chapter 5 of the Bankruptcy Code.

   b. Debtor will timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court; and

   c. Debtor will maintain insurance coverage for its property in accordance with the requirements of the United States Trustee.

3. Debtor's authority to use cash collateral, unless extended by Court order, shall terminate on the earlier of (i) conversion or dismissal of the bankruptcy case, or (ii) appointment of a Chapter 11 trustee.

4. Nothing in this Order shall be construed to prevent any party from filing a motion under 11 U.S.C. § 363(e) seeking different or additional Adequate Protection.

5. Notice of this Order shall be given by Debtor via first class mail within 24 hours of its entry under Federal Rule of Bankruptcy Procedure 4001(d) and LBR 4001-2.

6. Objection Procedures:

a. The deadline to file an objection to this Order is November 19, 2025;

b. The final hearing will be held as required by L.B.R. 4001-2 on November 24, 2025 at 10:00, a.m. (the "<u>Hearing Date</u>"), in person at 211 W. Fort St., Courtroom 1875, Detroit, Michigan 48226 (except counsel for Capital Impact Partners may appear telephonically); and

c. If no objection is timely filed, this Order may become a final order without further notice.

7. Unless otherwise ordered by the Court, this Order will become a Final Order immediately after the Hearing Date if no objections are timely filed or if all objections are overruled or resolved.

8. While this Order remains in effect and until it becomes a final order, Debtor's use of cash collateral may not exceed $20,000.

9. This Court will retain jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order.