UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re:<br>LEELAND HOUSE LIMITED PARTNERSHIP COMPANY,<br>Debtor. | Case No. 25-51190<br>Chapter 11<br>Judge Maria L. Oxholm |
|---|---|

## ORDER (A) DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE CITY'S ACTIONS TAKEN TO PROTECT THE HEALTH AND SAFETY OF ITS RESIDENTS UNDER SECTION 362(b)(4) OF THE BANKRUPTCY CODE AND, TO THE EXTENT THAT IT DOES, (B) GRANTING THE CITY RELIEF FROM THE AUTOMATIC STAY FOR SUCH PURPOSES

This matter is before the Court on the *Motion of the City of Detroit for an Order (A) Determining that the Automatic Stay Does Not Apply to the City's Actions Taken to Protect the Health and Safety of its Residents Under Section 362(b)(4) of the Bankruptcy Code and, to the Extent that it Does, (B) Granting the City Relief from the Automatic Stay for Such Purposes* ("Motion"), and the Court, after reviewing and considering the Motion, any objections or responses thereto, and hearing and taking into consideration any evidence and statements and arguments of counsel, having found that as a result of the exception set forth in section 362(b)(4) of the Bankruptcy Code, the automatic stay does not apply to (a) the continued prosecution and enforcement of the state-court nuisance proceedings in *City of Detroit v. The Michael W. Higgins Living Trust, 400 Bagley Avenue, Detroit,*

*Michigan 48226, and Bagley Investment Company*, Case No. 22-014516-CH, or (b) any actions taken by the City to aid and assist the residents of the Leland House to relocate to other residences, and the Court having further found good and sufficient cause for the entry of this Order, and being otherwise fully informed in the premises;

Now, Therefore, **IT IS HEREBY ORDERED** as follows:

1. The Motion is granted.

2. The City of Detroit may continue to prosecute and enforce the state-court nuisance proceedings in *City of Detroit v. The Michael W. Higgins Living Trust, 400 Bagley Avenue, Detroit, Michigan 48226, and Bagley Investment Company*, Case No. 22-014516-CH.

3. The City of Detroit may take any actions it deems necessary or appropriate, acting in good faith, to aid and assist the residents of Leland House to relocate from Leland House to other residences.

4. To the extent the automatic stay does apply to one or more of the actions authorized in paragraphs 2 and 3 of this Order, the automatic stay is modified to permit such actions and to take any further and related actions as may be necessary or appropriate, in the determination of the City acting in good faith, to protect the health and safety of the residents of the Leland House, provided that the City is stayed from seeking any pecuniary relief against the Debtor in the state-court nuisance proceeding, in any judicial forum (other than in this Court), or otherwise,

without first obtaining further relief from the automatic stay from this Court (or the dismissal of this bankruptcy case).

5. This Order is not subject to the fourteen-day waiting period specified in Federal Rule of Bankruptcy Procedure 4001(a)(3) and shall be effective immediately upon its entry.

6. The Court retains jurisdiction over the enforcement, implementation and interpretation of this Order.

**Signed on November 24, 2025**

/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**