UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**                                                            Case No. 25-51190

**LELAND HOUSE LIMITED**                Chapter 11
**PARTNERSHIP COMPANY,**

                                                             Hon. Maria L. Oxholm
        Debtor.
_____/

## FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND AUTHORIZING ADEQUATE PROTECTION

This matter having come before the Court upon the Debtor's First Day Motion for Entry of Interim and Final Orders Authorizing Debtor to Use of Cash Collateral, Authorizing Adequate Protection, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 ("Motion");[1] the Court having reviewed the Motion, the Declaration in Support of Debtor's First Day Motions; the Court having held an in-person hearing on the Motion on November 24, 2025; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that:

      1. Debtor is authorized to use cash collateral to pay ordinary course business costs and expenses pursuant to the Cash Flow Forecast filed at ECF # 67, or such other Cash Flow Forecast as the Debtor may subsequently file with the Court (each a "Budget"), all within a ten percent (10%) permitted variance. Due to the expected timing of receipt of Debtor-in-possession funding, amounts designated in the Budget for spending in November may be spent in December, and amounts designated for spending in December may be spent in January.

---

[1] All capitalized terms not defined herein have the meanings ascribed to them in the Motion.

1

2. Debtor may amend the Budget by stipulation with the United States Trustee, the City of Detroit and Capital Impact Partners. Upon the filing of any such stipulation, the amended budget shall become the Budget for purposes of this Order.

3. If agreement cannot be obtained on any amended Budget, Debtor or any other party may seek Court approval of an amended Budget by filing an appropriate motion with this Court.

4. The following Adequate Protection in favor of Capital Impact Partners is approved:

   a. Replacement Liens are hereby granted to Capital Impact Partners in all Debtor's post-petition acquired assets to the same extent, and with the same validity and priority, as Capital Impact Partners' prepetition liens and security interests, limited to the amount necessary to protect Capital Impact Partners from a diminution in the value of the pre-petition collateral. For the avoidance of doubt, the Replacement Liens shall attach only to the categories of assets to which Capital Impact Partners' pre-petition liens attached, and shall not attach to any avoidance actions (or their proceeds) arising under Chapter 5 of the Bankruptcy Code.

   b. Debtor will timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court; and

   c. Debtor will maintain insurance coverage for its property in accordance with the requirements of the United States Trustee.

5. Pursuant to 11 U.S.C. § 507(b), to the extent the replacement liens do not adequately protect the diminution of Capital Impact Partners' interests in the Debtor's collateral, suffered as a result of the Debtor's use of the collateral, then Capital Impact Partners shall be entitled to an administrative priority claim in the amount of such diminution. Without limitation, the foregoing treatment and priority are granted as adequate protection in exchange for Debtor's rights to use Capital Impact Partners'

collateral and shall continue notwithstanding the appointment of a Chapter 11 trustee or, to the extent provided by the Bankruptcy Code, the conversion of this case to a case under Chapter 7 of the Bankruptcy Code.

6. Debtor's authority to use cash collateral, unless extended by Court order, shall terminate on the earlier of (i) conversion or dismissal of the bankruptcy case, or (ii) appointment of a Chapter 11 trustee.

7. Nothing in this Order shall be construed to prevent any party from filing a motion under 11 U.S.C. § 363(e) seeking different or additional Adequate Protection.

8. This Court will retain jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order.

**Signed on November 25, 2025**

/s/ Maria L. Oxholm
**Maria L. Oxholm
United States Bankruptcy Judge**