# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In re:**

**LELAND HOUSE LIMITED PARTNERSHIP COMPANY,**

Case No. 25-51190
Chapter 11
Hon. Maria L. Oxholm

    Debtor.

_____/

**MOTION TO SCHEDULE AN EXPEDITED HEARING ON DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING POST-PETITION SECURED FINANCING, GRANTING PRIORITY ADMINISTRATIVE EXPENSE AND PRIMING LIENS ON DEBTOR'S PROPERTY PURSUANT TO SECTIONS 364(c)(1) AND 364(d)(1), AUTHORIZING ADEQUATE PROTECTION AND SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Leland House Limited Partnership Company ("Debtor") through counsel, Heilman Law PLLC, for its Motion to Schedule an Expedited Hearing on its Motion for Entry of Interim and Final Orders Authorizing Debtor to Use Cash Collateral and Authorizing Adequate Protection ("Motion"), states:

## REQUEST FOR AN EXPEDITED HEARING

1. Contemporaneously with this Motion, Debtor has filed a motion seeking entry of interim and final orders under 11 U.S.C. § 364 (i) authorizing Debtor to obtain post-petition secured financing ("DIP Loan"), (ii) grant the proposed Lender (defined below) priming liens on all Debtor's assets with priority over all other liens, security interests and encumbrances other than liens in favor of taxing authorities and utilities, (iii) grant the proposed Lender a superpriority administrative expense claim with priority over all other administrative expenses, and (iv) provide adequate protection (the "Financing Motion").

2. Debtor is required to make utility deposits to its utility providers by no later than December 4, 2025.[1] Debtor is also without casualty insurance and has insufficient cash to pay ordinary course business expenses.

3. The United States Trustee has filed a Motion to Dismiss on the basis that Debtor does not have casualty insurance. The Court has scheduled a hearing on this motion for December 4, 2025 at 11:00 a.m.

4. If the Financing Motion is granted, Debtor will be able to immediately pay the utility deposit to DTE and place casualty insurance on the Debtor's property.

5. **Accordingly, Debtor requests that the Court schedule an interim hearing no later than Thursday December 4, 2025**.[2] Failure to timely obtain authorization to enter in the DIP Loan will result in immediate and irreparable harm. *See* Declaration, attached as Exhibit 5.

6. Debtor understands that this Motion is being brought at the proverbial last minute and seeks a hearing on very short notice. However, Debtor has been in extended discussions both before the filing of this case and after the filing with a large number of proposed lenders. While many of these lenders quickly deferred after one or two discussions and after being informed of Debtor's required timeline, Debtor identified one lender before filing this case, which expressed high interest and confidence that it would be able to provide the requested debtor-in-possession loan. But this lender pulled

---

[1] Immediately upon receiving the Lender's DIP Loan offer, Debtor contacted DTE Energy requesting an extension of the deadline for making the utility deposit, which was December 3, 2025. DTE Energy provided a one-day extension, which is why Debtor requests a hearing on December 4, 2025.

[2] The primary obligation driving the need for a hearing by this date is Debtor's payroll obligations.

out of the process and refused to move forward with the loan. Debtor had also been working with a back-up proposed lender which also expressed confidence that it would be able to close on a loan within the timeframe that Debtor required, but this lender also pulled out calling the timeframe unrealistic.

7. The current Lender, Next Bridge Funding, LLC, is not only the only lender can meet Debtor's timing requirements, but has also provided loan terms better than either of the previous two lenders that could not close. Accordingly, Debtor now has a DIP Loan that can be closed timely and on better terms than previously proposed post-petition loans.

## **LEGAL BASIS FOR RELIEF REQUESTED**

8. Under Fed.R.Bankr.P. 9006 and E.D. Mich LBR 9006-1(b), the Court can shorten or eliminate the notice period on this motion for cause.

9. Debtor has been seeking post-petition financing since before this case was filed. Because Debtor's electricity provider was about to turn off Debtor's electricity, Debtor had no choice but to file before finalizing a post-petition financing agreement. As stated above, the lender that Debtor expected to provide post-petition financing pulled out of the process after the case was filed despite repeatedly informing Debtor that the lender was ready and able to close on the post-petition loan. Debtor's second proposed post-petition lender also pulled out of the process indicating that it would not be able to close quickly enough for Debtor to make required utility and casualty insurance payments.

10. The current lender made its offer only today and has informed Debtor that it will be able to provide financing and the only contingency to financing is that the lender requires additional title work, which it can obtain by Thursday December 4, 2025. Upon

receipt of the title work, assuming it is acceptable to lender, the lender is ready and able to close this loan, which will permit Debtor to make the utility deposit to its electricity provider, to place casualty insurance, to make the repairs required by the City of Detroit and to otherwise continue its business and proceed expeditiously to a sale.

## **NOTICE**

11. Upon entry of an Order Scheduling a Hearing, Debtor will immediately transmit a copy of the Order and the Financing Motion to all creditors and parties-in-interest entitled to receive notice by by overnight delivery service or such other method as set forth in Local Rule 9013-1(b) (Bankr. E.D. Mich).

12. In addition to notice by overnight mail, Debtor has already served a copy of the Financing Motion by electronic mail on all creditors and parties-in-interest for which Debtor has an email address, including all creditor's on Debtor's Top Twenty List excepting only the IRS, Michigan Dep't of Treasury, Michigan Unemployment Agency, and City of Detroit Community and Economic Development Dept.

**WHEREFORE**, Debtor requests that the Court scheduling a hearing on the Financing Motion for December 4, 2025 at 11:00 a.m. A proposed order scheduling a hearing on the Motion is attached as Exhibit 1.

Respectfully submitted,

HEILMAN LAW PLLC

Dated: December 1, 2025        By:   /s/ Ryan D. Heilman
                                                      Ryan D. Heilman (P63952)
                                                      Attorneys for Debtor
                                                      40900 Woodward Ave., Suite 100
                                                      Bloomfield, MI 48304
                                                      (248) 835-4745
                                                      ryan@heilmanlaw.com

**Exhibit 1 - Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In re:**

**LELAND HOUSE LIMITED PARTNERSHIP COMPANY,**

Case No. 25-51190
Chapter 11
Hon. Maria L. Oxholm

Debtor.
_____/

## ORDER SCHEDULING AN EXPEDITED HEARING ON DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING POST-PETITION SECURED FINANCING, GRANTING PRIORITY ADMINISTRATIVE EXPENSE AND PRIMING LIENS ON DEBTOR'S PROPERTY PURSUANT TO SECTIONS 364(c)(1) AND 364(d)(1), AUTHORIZING ADEQUATE PROTECTION AND SCHEDULING A <u>FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001</u>

This matter having come before the Court on Leland House Limited Partnership Company's ("<u>Debtor</u>") *Motion to Schedule a Hearing* ("<u>Expedited Hearing Motion</u>") on *Debtor's Motion For Entry Of Interim And Final Orders Authorizing Post-Petition Secured Financing, Granting Priority Administrative Expense And Priming Liens On Debtor's Property Pursuant To Sections 364(C)(1) And 364(D)(1), Authorizing Adequate Protection And Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001* ("<u>Financing Motion</u>"); the Court having determined that notice of the Expedited Hearing Motion was sufficient under the circumstances; and the Court being duly advised in the premises:

**IT IS HEREBY ORDERED** that the hearing on the Financing Motion shall come for hearing before the Honorable Maria L. Oxholm at ___ [a.m./p.m.] on December __, 2025; and

**IT IS FURTHER ORDERED** that Debtor shall serve this Order and the Financing Motion on all creditors and parties-in-interest entitled to service by overnight delivery service or such other method as set forth in Local Rule 9013-1(b) (Bankr. E.D. Mich) by 5:00 p.m. (Eastern Time) on Tuesday, December 2, 2025.