# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

                                       Case No. 25-51190

**LELAND HOUSE LIMITED**          Chapter 11

**PARTNERSHIP COMPANY,**       Hon. Maria L. Oxholm

      Debtor.

_____/

**COVER SHEET FOR DEBTOR'S MOTION FOR ENTRY OF
INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN POST-
PETITION INSURANCE PREMIUM FINANCING AND
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

       The Debtor has filed a motion to authorize post-petition insurance premium financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the Debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | ____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | ____ Yes<br><br>__X___ No | Page ____, ¶ ____ |
| (5) Provisions that prime any lien without that lienholder's consent. | ___X__ Yes<br><br>_____ No | Pages _5-6_, ¶ _8__ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | ___X__ Yes<br><br>_____ No | Page _8-9_, ¶ _9__<br>Page _9__, ¶ _11__ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (8) Provisions for the payment of prepetition debt. | __X___ Yes<br><br>_____ No | Page __8_, ¶ ____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | ____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br>__X__ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (16) Provisions that purport to bind a subsequent trustee. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

Respectfully submitted,

HEILMAN LAW PLLC

Dated:  December 2, 2025

By:___ /s/ Ryan D. Heilman _____
Ryan D. Heilman (P63952)
Attorneys for Debtor
40900 Woodward Ave., Suite 100
Bloomfield, MI 48304
(248) 835-4745
ryan@heilmanlaw.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**In re:**

**LELAND HOUSE LIMITED
PARTNERSHIP COMPANY,**

Case No. 25-51190
Chapter 11
Hon. Maria L. Oxholm

      Debtor.

_____/

**DEBTOR'S MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO
OBTAIN POST-PETITION INSURANCE PREMIUM FINANCING AND
<u>SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001</u>**

Leland House Limited Partnership Company ("<u>Debtor</u>") through counsel,
Heilman Law PLLC, for its Motion for Entry of Interim and Final Orders Authorizing
Debtor to Obtain Post-petition Insurance Premium Financing and Scheduling a Final
Hearing ("<u>Motion</u>"), states:

## <u>INTRODUCTION AND REQUEST FOR AN EXPEDITED HEARING</u>

1.      By this Motion, Debtor seeks entry of interim and final orders (i)
authorizing Debtor to obtain post-petition insurance premium financing ("<u>Premium
Financing</u>"), (ii) grant the proposed insurance premium lender a first-position lien on
Debtor's insurance premiums and any refunds and, if necessary, a junior lien on
Debtor's personal property.

2.      Debtor does not currently have casualty insurance, but has quotes for
casualty insurance and insurance premium financing. See Exhibit 6.

3.      Debtor has filed a motion seeking authorization to obtain post-petition
debtor-in-possession financing (the "<u>DIP Loan Motion</u>"). However, the DIP Loan is not

intended to cover the full payment of Debtor's annual insurance premium. Instead, Debtor will use the proceeds of the proposed DIP Loan to make the down payment and monthly payments on the insurance premium financing.

4.      It is in the best interests of the Debtor's estate and creditors for Debtor to obtain insurance premium financing because the insurance premium financing is less expensive, does not require priming liens, and the DIP Loan is not sized to include the full amount of Debtor's insurance premiums.

5.      Debtor has requested a hearing on the DIP Loan Motion for **Thursday December 4, 2025**. Accordingly, Debtor requests a hearing on this Motion on the same date so that Debtor can place casualty insurance as quickly as possible.

6.      Failure to timely obtain authorization to obtain Premium Financing will cause irreparable harm to the Debtor. As set forth in the United States Trustee's Motion to Dismiss Case, the Debtor requires casualty insurance to continue as a debtor-in-possession in Chapter 11.

## JURISDICTION

7.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

8.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

9.      Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

10.     On November 3, 2023 ("Petition Date"), Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code.

2

11.     Debtor continues to operate its business as debtor-in-possession as permitted under section §§ 1107 and 1108 of the Bankruptcy Code.[1]

12.     Debtor obtained interim authorization to use cash collateral on November 7, 2025 and final authorization on November 25, 2025. ECF Nos. 23 and 71.

A.     **Debtor's Need for Premium Financing.**

13.     Debtor owns and operates the Leland House, a 20-story Beaux-Arts Detroit landmark built in 1927 (the "Leland House"). Debtor generates income from rents from leasing 40 units to residential tenants, commercial rent from the Leland City Club, and parking fees.

14.     Debtor intends to quickly undergo a sale that will permit full renovations of the Leland House and, to accomplish this, Debtor requires use of debtor-in-possession financing.

15.     Among the items that must be financed are insurance premiums. Without insurance, Debtor is unable to operate as a debtor-in-possession in Chapter 11.

**PROPOSED PREMIUM FINANCING TERMS**

16.     The salient terms of the DIP Loan are as follows:

| | |
|---|---|
| Total Premium Payments: | $259,250. |
| Down Payment: | $67,062.50. |
| Interest Rate: | Interest at 9.76%; |
| Total Payments (for full year): | $267,951.60 |

---

[1] Unless otherwise specified, statutory references in this Motion are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

3

| Minimum Earned Percentage: | 25.00%. |
|---|---|
| Broker Commission: | 10.00%. |

17.     A copy of the proposed insurance quote and financing quote are attached as Exhibit 6.

18.     The Premium Financing is to be secured by a first-position lien on Debtor's insurance premiums and any refunds due to Debtor if canceled earlier than twelve months after placing the insurance. The premium lender may also require a junior lien on Debtor's personal property.

**FACTUAL SUPPORT FOR RELIEF**

A.     **Use of Post-Petition Financing**

19.     Debtor requires post-petition financing to place casualty insurance.

B.     **Request for Immediate and Interim Relief**

20.     To avoid immediate and irreparable harm, Debtor must place casualty insurance as soon as possible. The Court has scheduled a hearing on the United States Trustee's Motion to Dismiss Case for December 4, 2025. Additionally, Debtor has requested a hearing on the DIP Loan Motion for December 4, 2025. If the DIP Loan Motion and this Motion are granted, Debtor will be able to immediately place casualty insurance and avoid dismissal of this case.

21.     Debtor requests interim relief in the form of an order permitting Debtor to obtain the Premium Financing and place insurance on an expedited basis. Debtor further requests that the Court schedule a final hearing, but also provide that if no

creditor or party-in-interest files an objection, that the interim order will automatically become a final order without the need for a further hearing.

### D. **Adequate Protection**

22.     Debtor believes that the use of the Premium Financing to place insurance will benefit all creditors. Accordingly, Debtor believes that the casualty insurance itself constitutes adequate protection.

### LEGAL BASIS FOR RELIEF REQUESTED

23.     If a debtor is unable to obtain unsecured credit allowable as an administrative expense under 11 U.S.C. § 503(b)(1), the Court, after notice and a hearing, may authorize the debtor to obtain credit or incur debt by granting a senior lien on unencumbered property of the estate and a junior lien on encumbered property. 11 U.S.C. § 364(c).

24.     Through this Motion, Debtor is not seeking to prime any liens but only to grant a first-position lien on the premiums being financed and any refunds of such premiums that may become due to Debtor, as well as granting a junior lien on Debtor's personal property if necessary.

25.     Debtor believes that the proposed insurance benefits all creditors and will aid Debtor in its proposed sale process. If Debtor is unable to obtain casualty insurance, Debtor's case would be dismissed.

26.     Provided the Debtor's exercise of its business judgment does not run afoul of the provisions of and policies underlying the Bankruptcy Code, courts grant a debtor considerable deference in acting in accordance with its business judgment. See, e.g., *Brav v. Shenandoah Fed. Sav. & Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085,

1088 (4th Cir. 1986) (approving debtor in possession financing necessary to sustain business); *In re Ames Department Stores*, 115 B.R. 34, 40 (S.D.N.Y. 1990) ("cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit parties in interest").

27.     Accordingly, Debtor submits that approval of the Premium Financing is appropriate under the circumstances.

## SCHEDULING A FINAL HEARING

28.     Debtor further respectfully requests that the Court schedule a final hearing on the Motion as contemplated by LBR 4001-2(b)(3).

**WHEREFORE**, Debtor requests that the Court enter an interim order under 11 U.S.C. § 364 (i) authorizing Debtor to obtain post-petition secured financing, (ii) authorizing Debtor to grant the proposed lender a first-position lien on Debtor's insurance premiums and any refunds that may become owing to Debtor and a junior lien on Debtor's personal property, and (iii) scheduling a final hearing. A proposed order is attached as Exhibit 1.

Respectfully submitted,

HEILMAN LAW PLLC

Dated:  December 2, 2025          By:    /s/ Ryan D. Heilman
                                         Ryan D. Heilman (P63952)
                                         Attorneys for Debtor
                                         40900 Woodward Ave., Suite 100
                                         Bloomfield, MI 48304
                                         (248) 835-4745
                                         ryan@heilmanlaw.com

## EXHIBIT INDEX

|  | Post-petition Financing Cover Sheet |
|---|---|
| EXHIBIT 1 | Proposed Order granting the Motion |
| EXHIBIT 2 | Notice of the Motion - copies of the Motion with all attachments, and a notice of hearing (if any) will be served as required under LBR 4001-2(d) upon the earlier of (i) entry of an order scheduling a hearing on the motion on an expedited basis, (ii) 24 hours after the filing of the Motion as required under LBR 9013-1(b). A certificate of service will be filed. |
| EXHIBIT 3 | N/A |
| EXHIBIT 4 | Certificate of Service – to be filed as a separate docket entry. |
| EXHIBIT 6 | Insurance and Financing Quotations |

8

# EXHIBIT 1

# Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**In re:**                                    Case No. 25-51190

**LELAND HOUSE LIMITED**                      Chapter 11
**PARTNERSHIP COMPANY,**
                                              Hon. Maria L. Oxholm

      Debtor.

_____/

## INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN
## POST-PETITION INSURANCE PREMIUM FINANCING AND
## <u>SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001</u>

This matter having come before the Court upon the Debtor's Motion for Entry of

Interim and Final Orders Authorizing Debtor to Obtain Post-petition Insurance Premium

Financing and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001

("<u>Motion</u>");[1] the Court having reviewed the Motion and having held an interim hearing to

consider the Motion; and the Court being fully advised in the premises;

**THE COURT FINDS** that:

      A.     Debtor requires post-petition premium financing on an emergency basis to

place casualty insurance on Debtor's real property.

      B.     Debtor will suffer irreparable harm if this Order is not entered on an interim

basis because the case would be dismissed if Debtor is not able to promptly obtain

casualty insurace.

      C.     Debtor is unable to obtain unsecured credit allowable only as an

unsecured, administrative expense claim under section 503(b)(1) of the Bankruptcy

---

[1] All capitalized terms not defined herein have the meanings ascribed to them in the Motion.

1

Code.[2] The Debtor can obtain insurance premium financing only by offering the proposed lender a first-position interest in Debtor's insurance premiums and any refunds that may become owed to Debtor and a junior lien on Debtor's personal property, as authorized under 11 U.S.C. § 364(c).

D.      The terms of the Premium Financing are fair and reasonable under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

E.      It is in the best interests of the Debtor's estate that Debtor be allowed to finance its insurance premiums. The relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtor's estate, and good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein, and the immediate entry of this Order.

**IT IS HEREBY ORDERED** that:

1.      Debtor is authorized to obtain insurance premium financing on the terms set forth in the Motion.

2.      Debtor is authorized to perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution or recordation of security agreements and financing statements), and to pay all fees that may be reasonably required or necessary for the Debtor to obtain the insurance premium financing.

---

[2] Unless specified otherwise, all statutory citations are to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

3. Debtor is authorized to make monthly payments to the insurance premium lender until the insurance premium financing has been paid in full. In the event that Debtor is owed any refunds on its insurance premiums, Debtor is authorized and directed to turn over such refunds to the insurance premium lender to the extent necessary to pay the insurance premium financing in full.

4. Notice of this Order shall be given by Debtor via first class mail within 24 hours of its entry under Federal Rule of Bankruptcy Procedure 4001(d) and LBR 4001-2.

5. Objection Procedures:

a. The deadline to file an objection to this Order is _____, 2025;

b. The final hearing will be held as required by L.B.R. 4001-2 on _____, 2025 at__:__, _.m. (the "Hearing Date"), in person at 211 W. Fort St., Courtroom 1875, Detroit, Michigan 48226; and

c. If no objection is timely filed, this Order may become a final order without further notice.

6. Unless otherwise ordered by the Court, this Order will become a Final Order immediately after the Hearing Date if no objections are timely filed or if all objections are overruled or resolved.

7. This Court will retain jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order.

3

# EXHIBIT 6



Peachtree Special Risk Brokers, LLC
970 Lake Carillon Drive, Suite 106
St. Petersburg, FL 33716
(727)299-1140   Fax: (727)299-1141
Wholesale Insurance Brokers

**DATE:**     11/10/2025

**TO:**      Todd Piersol                                            **Agency Code:** 160377
           Tartan Ins Partners LLC - Bloomfield Hills
           5025 Van Ness Dr
           Bloomfield Hills, MI  48302

**FROM:**    Jessica Parker for Heather Chechila
           jparker@bridgespecialty.com

**RE:**      400 Bagley St ., LLC
**Renewal of Policy #:**   NEW

## QUOTATION

We are pleased to offer the following quotation. Please review this quotation carefully, as the terms and conditions offered may be different than requested. **PROPERTY DISCLAIMER: Client ultimately selects insured values**. You must contact us in writing to bind coverage, as your office holds no binding authority.

**Policy Term:** 11/15/2025 - 11/15/2026

**Quotation Premium**

| Excluding TRIA | | Including TRIA | |
|---|---|---|---|
| Premium: | $250,000.00 | Premium: | $250,000.00 |
| Policy Fee | $3,000.00 | Policy Fee | $3,000.00 |
| | | TRIA: | $12,500.00 |
| MI SL Tax(2.5%) | $6,250.00 | MI SL Tax(2.5%) | $6,562.50 |
| **Total:** | **$259,250.00** | **Total:** | **$272,062.50** |

Peachtree Special Risk Brokers, LLC is responsible for collecting and filing the Surplus Lines taxes.

**Commission:**  10 %

**Minimum Earned Percentage:** 25.00 %; ***Subject to the Carrier(s) Minimum Earned Premium Clause/Endorsement.**

**Note**:        Fees are fully earned

Policy Type: Occurrence

**Carrier(s):**

           Landmark American Ins Co Non-Admitted
           Please be sure to check the Carrier's current A.M. Best rating to satisfy you and your client's interests.

**Locations:**   Per Schedule on file with the Company.

**Endorsements/Exclusions:** (Standard Company or ISO Exclusions are applicable including, but not limited to the following terms, conditions and exclusions. The state specific forms vary per state and may not be listed on this proposal. It is your responsibility as agent of the insured to check coverage and terms.)

**Further Terms and Conditions including but not limited to:**

- **Complete, signed ACORD 125 & 140 application (signed by both the insured and the producer and including the producer #), No Known Loss Letter for the past 5 years, Signed/Dated TRIA Form, Signed and dated MI Declination Form and Signed/Dated SL Form are all due upon binding coverage.**
- **Terms are based on the attached SOV. It is your responsibility to review this SOV for accuracy and notify us immediately if there are any discrepancies. Any changes may affect the terms and pricing offered. ** It is important to note that if limits have been increased to meet the carriers minimum guidelines, it remains the insured's responsibility to determine proper valuation to be adequately insured. Merely meeting the carrier's minimum in no way suggests that any property is adequately insured. We cannot offer any advice regarding valuation. If valuation is in question, we recommend that the insured obtain an appraisal to confirm as coinsurance penalties apply.***
- **If there are terms/conditions on the binding apps/docs that are inconsistent with the coverage bound, please note that your binder/policy prevails and any changes to terms/conditions, etc. must be made by endorsement request and are subject to carrier approval.**
- **The policy has a Minimum Earned Premium which *may* be subject to a Hurricane Minimum Earned Premium Endorsement or to other terms as shown on the carrier quote attached.**
- **Inspection fees and policy fees are fully earned at policy inception.**
- **Please review the quotation for accuracy as the coverages and terms being offered may not be the same as or as broad as requested in your application.**
- **The policy dictates the actual terms of coverage i.e. in the event of differences, the policy prevails.**
- **(30) Days-Notice of Cancellation, except, (10) days for non-payment of premium**
- **Any changes to coverage issued after the binder will be subject to carrier approval.**
- **Changes may require carrier approval and will be issued by endorsement as your office is not granted binding authority.**
- **Please review the carrier quote carefully, in its entirety and when applicable check all Warranties, Subjectivities, and Protective Safeguards.**

Please Send The Above Items To: Jessica Parker - jparker@bridgespecialty.com

If PSR has not received a response from you by the expiration date of this quote, we will consider this quotation closed. All requests to bind coverage must be received in our office in writing. Coverage cannot be backdated or presumed to be bound without confirmation from an authorized representative of PSR. Please advise your client that the policy dictates the actual terms of coverage and in the event of differences, the policy prevails.

Thank you for this opportunity!

Best Regards,

Heather Chechila



**RSUI Group, Inc.**
945 East Paces Ferry Road
Suite 1800
Atlanta, GA 30326

November 10, 2025

Peachtree Special Risk Brokers
301 Yamato Road
Suite 2100
Boca Raton, FL 33431

**ATTENTION: HEATHER CHECHILA**

**RE: Property Quote**

| | |
|---|---|
| **Submission Number:** | **758525** |
| **Company:** | Landmark American Insurance Company |
| | (A.M. Best rating: A++ XV and S&P rating: AA+) |
| **Coverage:** | Property |

**Insured:**     **400 Bagley St LLC / Detroit MI**
                 **Detroit, MI**

**Policy Dates:**     November 15, 2025 - November 15, 2026

**Property Limits:**     $10,000,000 Per Occurrence, subject to conditions of the Scheduled Limit of Liability form

**Sublimits:**

$1,000,000 per occurrence Water Damage and/or Sprinkler leakage

$1,000,000 per occurrence Theft and/or VMM

Sublimits are part of, not in addition to, the Property Limit(s) shown above.

**Valuation:**     Replacement Cost

BI Actual Loss

Actual Cash Value on Roofs 12 Years Old or Older at Time of Loss

Excluding Cosmetic Damage to Roof Surfacing

**Total Insured Value:**     $70,750,000

**Coverages:**
- Building
- Personal Property
- Business Income with Extra Expense including "Rental Value"

**Perils:**     Special Excluding Flood & Earth Movement
- Excluding Earth Movement Sprinkler Leakage
- Excluding Mechanical Breakdown

**Form:**     ISO Forms – Current to 2017 Versions & RSUI Forms

25-51190-mlo   Doc 76   Filed 12/02/25   Entered 12/02/25 07:26:35   Page 19 of 23

| | |
|---|---|
| **Deductible:** | **All Covered Perils** - $100,000 Per Occurrence (Property Damage), subject to 3 Day (or 72 hour) waiting period for Time Element; waiting period does not apply to Extra Expense , *except* |

**Windstorm or Hail** - 2.00% *, subject to a minimum of $100,000 per occurrence(Property Damage & Time Element)

* If the Deductible is expressed as a percentage (unless otherwise stated), the Deductible is calculated separately for and applies separately to each building that sustains loss or damage, the personal property at each building at which there is loss or damage to personal property, Personal property in the open, Business Income and Extra Expense. If there is damage to both a building and personal property in that building, separate deductibles apply to the building and to the personal property.

| | |
|---|---|
| **Warrants:** | **No aluminum wiring** - <br> Failure to maintain warranted condition shall result in the following Cause(s) of Loss being excluded: Fire |

**Heat maintained at 55 degrees** -
Failure to maintain warranted condition shall result in the following Cause(s) of Loss being excluded: Water Damage, Sprinkler Leakage

| | |
|---|---|
| **Remarks:** | Subject to inspection if bound. <br> Subject to signed no-loss letter going back 5 years or to date or ownership, whichever is less. |

THE PREMIUM AMOUNT DOES NOT INCLUDE SURPLUS LINES TAX.
YOUR OFFICE IS RESPONSIBLE FOR THE COLLECTION AND FILINGS.

### <u>Policy Attachments</u>

- Appraisal Clause Amendment
- Asbestos Exclusion
- Cyber, Electronic Data and Systems Exclusion
- Exclusion - Cosmetic Damage to Roof Surfacing
- Exclusion - Marijuana
- Exclusion of Pathogenic or Poisonous Biological or Chemical Materials
- Limitations on Coverage for Roof Surfacing (Valuation)
- Loss Reporting Conditions
- Scheduled Limit Of Liability

RSUI

## Premium Amount

**Premium:**                    $250,000.00
**Terrorism Premium:**          $12,500.00

**Minimum Earned Premium:**        25.00%

Please read all terms and conditions shown above carefully as they may not conform to specifications shown on your submission.

This Quote is valid until 11/15/2025.

We greatly appreciate your business.



# Invoice for 400 Bagley St LLC

**Invoice No. IOBWLC0QFT**

Due on November 21st, 2025

<table>
<tr><td>

**ISSUED BY**

**Tartan Insurance Partners**

6632 Telegraph Road Suite 157, Bloomfield Hills MI 48301

(248) 568-0596

</td><td>

**BILL TO**

**400 Bagley St LLC**

400 Bagley Street, Detroit MI 48226

luis@theleland.com

(313) 587-3979

</td></tr>
</table>

**ITEMS**

| | | |
|---|---|---|
| **Commercial Property - [758525] (Peachtree Special Risk Brokers, LLC)** | Premium | $250,000.00 |
| November 21st, 2025 - November 21st, 2026 | Taxes and fees | $6,250.00 |
| | Policy fee | $3,000.00 |

## Payment options

| FINANCED | Transaction fees not included. |
|---|---|
| Total | **$267,951.60** |
| Downpayment | **$67,062.50** |
| APR | **9.76% ($8,701.60)** |
| Loan duration | **10 installments • $20,088.91/ea starting December 21st, 2025** |

| Transaction fees (non-refundable): | Card: $2,347.49    ACH: $0.00 |
|---|---|

| PAY IN FULL | Transaction fees not included. |
|---|---|
| Total | **$259,250.00** |

| Transaction fees (non-refundable): | Card: $9,074.05    ACH: $0.00 |
|---|---|

**Make payment**

If you have any questions regarding your payments, please contact your agent, Todd Piersol at tpiersol@tartanins.com or (248) 568-0596

Powered by 🛫 ascend

Submitting payment through Ascend does not guarantee coverage for the policy. Coverage confirmation is determined by the carrier after binding the policy.