**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

**LELAND HOUSE LIMITED
PARTNERSHIP COMPANY,**

    Debtor.
_____/

Case No. 25-51190
Chapter 11
Hon. Maria L. Oxholm

**SUPPLEMENTAL EXHIBIT – PROPOSED ORDER - TO DEBTOR'S MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING POST-PETITION
SECURED FINANCING, GRANTING PRIORITY ADMINISTRATIVE EXPENSE AND
PRIMING LIENS ON DEBTOR'S PROPERTY PURSUANT TO SECTIONS 364(c)(1)
AND 364(d)(1), AUTHORIZING ADEQUATE PROTECTION AND
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Leland House Limited Partnership Company ("Debtor"), through counsel, provides the attached revised proposed Order granting the above-captioned Motion for post-petition financing after incorporating comments and concerns raised by creditors and other parties-in-interest, and resolving the objection filed by the City of Detroit.

                                        Respectfully submitted,

                                        HEILMAN LAW PLLC

Dated: December 4, 2025        By:   /s/ Ryan D. Heilman
                                                  Ryan D. Heilman (P63952)
                                                  Attorneys for Debtor
                                                  40900 Woodward Ave., Suite 100
                                                  Bloomfield, MI 48304
                                                  (248) 835-4745
                                                  ryan@heilmanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**                                                         Case No. 25-51190

**LELAND HOUSE LIMITED**           Chapter 11
**PARTNERSHIP COMPANY,**

                                                             Hon. Maria L. Oxholm

       Debtor.
_____/

**INTERIM ORDER AUTHORIZING POST-PETITION SECURED FINANCING,
GRANTING PRIORITY ADMINISTRATIVE EXPENSE AND PRIMING LIENS ON
DEBTOR'S PROPERTY PURSUANT TO SECTIONS 364(c)(1), 364(c)(3), 364(d)(1),
AUTHORIZING ADEQUATE PROTECTION AND
<u>SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001</u>**

        This matter having come before the Court upon the Debtor's First Day Motion for Entry of Interim and Final Orders Authorizing Post-Petition Secured Financing, Granting Priority Administrative Expense and Priming Liens on Debtor's Property Pursuant to Sections 364(c)(1), 364(c)(3), and 364(d)(1), Authorizing Adequate Protection, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 ("<u>Motion</u>");[1] the Court having reviewed the Motion, the Declaration in Support of the Motion and having held an interim hearing to consider the Motion; and the Court being fully advised in the premises;

**THE COURT FINDS** that:

        A.      Debtor requires post-petition financing on an emergency basis to pay utility deposits, place casualty insurance, comply with its obligations under a Consent Order[2] with the City of Detroit to make certain improvements to the Debtor's residential

---

[1] All capitalized terms not defined herein have the meanings ascribed to them in the Motion.
[2] All terms not defined in this Order have the meanings set forth in the Motion.

1

real property for the health and safety of Debtor's residents, as well as to fund its necessary business expenses.

B. Debtor will suffer irreparable harm if this Order is not entered on an interim basis. Among other things, Debtor is not able to continue in this Chapter 11 case without casualty insurance, and Debtor will not be able to continue to operate its Building if Debtor does not timely make utility deposits, in either case requiring all Debtor's tenants to vacate the Building on an expedited basis.

C. Debtor is unable to obtain unsecured credit allowable only as an unsecured, administrative expense claim under section 503(b)(1) of the Bankruptcy Code.[3] The Debtor also is unable to obtain secured credit allowable under sections 364(c)(1), 364(c)(2) or 364(c)(3) without the Debtor granting to the DIP Lender liens on Debtor's Building and personal property with priority over all other liens and mortgages (other than Tax Liens and Utility Liens) under section 364(d) and super-priority administrative expense claim status under section 503(b) of the Bankruptcy Code, in each case as provided by this Order and the DIP Loan Documents.

D. The terms of the DIP Facility and the use of Cash Collateral are fair and reasonable under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

E. It is in the best interests of the Debtor's estate that it be allowed to finance its operations and use DIP Financing under the terms and conditions set

---

[3] Unless specified otherwise, all statutory citations are to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

forth herein and in the Budget and DIP Loan Documents. The relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtor's estate, and good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein, and the immediate entry of this Order.

F. Based upon the record before the Court the DIP Loan Documents have been negotiated at arm's length and in "good faith," as that term is used in section 364(e) of the Bankruptcy Code, and are in the best interests of the Debtor, its estate and creditors. The DIP Lender is extending financing to the Debtors in good faith and is entitled to the benefits of the provisions of section 364(e) of the Bankruptcy Code.

**IT IS HEREBY ORDERED** that:

1. Debtor is authorized to enter into the DIP Financing Documents and to obtain and use the DIP Funding on an interim basis to pay the DTE Deposit, to place casualty insurance, to expend funds to comply with the Consent Order, and to pay ordinary course business costs and expenses.

2. Debtor is authorized to perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution or recordation of security agreements, mortgages and financing statements), and to pay all fees that may be reasonably required or necessary for the Debtor's performance of its obligations under the DIP Loan.

3. Debtor is authorized to perform all obligations under the DIP Loan Documents.

4. Upon execution and delivery of the DIP Loan Documents, the DIP Loan Documents shall constitute valid and binding obligations of Debtor, enforceable in

accordance with their terms. With respect to the Post-petition Obligations, no obligation, payment, transfer or grant of security under this Order or the other DIP Loan Documents shall be stayed, restrained, voidable or recoverable under the Bankruptcy Code or any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment or counterclaim. The Post-petition Obligations shall include all fees and expenses required under the DIP Loan Documents, including the professional fees and expenses incurred by the DIP Lender, which all shall become due upon presentation by the DIP Lender and shall become part of the DIP Loan with all the protections afforded to the DIP Loan, and shall be repaid at the same time and on the same terms that all of Debtor's other obligations under the DIP Loan shall be paid.

5. Subject to the terms and conditions set forth in this Order and the DIP Loan Documents, Debtor is authorized to use the proceeds of the DIP Loan until the earlier to occur of: (i) the termination, acceleration or maturity of the DIP Loan as set forth in the DIP Loan Documents; or (ii) this Order or the Final Order ceases to be in full force and effect (each a "<u>Termination Event</u>"). The Debtor's authority to borrow under the DIP Loan shall automatically terminate on a Termination Event without further order or relief from the Court. For clarity, under the DIP Loan Documents, the DIP Lender may terminate or accelerate the DIP Loan in the event of an uncured default, dismissal of this case, conversion of this case to a case under Chapter 7 of the Bankruptcy Code, appointment of a Chapter 11 Trustee, or entry of a Final Order or any other Order of this Court that the DIP Lender believes impairs the protections provided to the DIP Lender under this Order and the DIP Loan Documents. <u>In the event of any conversion, the automatic stay shall be automatically terminated as to Lender and Lender may exercise</u>

its remedies. In the event of dismissal, Debtor is barred from filing a bankruptcy case for one year after dismissal, unless the Lender has been paid in full.

6. Upon an event of default, which is not cured within ten days after ~~delivery~~filing with the Court of written notice and delivery to Debtor and the United States Trustee, Lender may accelerate the DIP Loan and may exercise all rights and remedies of a secured creditor. ~~But this provision does~~If Lender files an affidavit stating a default has occurred and has not ~~provide automatic relief from~~been timely cured, the automatic stay under 11 U.S.C. § 362 shall be automatically lifted in favor of Lender and Lender may exercise its remedies.

7. All of Debtor's anticipated cash flow expenditures shall be set forth in a budget, which may be modified from time to time with consent of the DIP Lender. Debtor shall provide monthly updates to the Budget~~.~~ to Lender, City of Detroit, Capital Impact Partners and the United States Trustee. If any party objects to the updated Budget and such objection cannot be resolved, any party may request a hearing before the Bankruptcy Court. On a monthly basis, no later than the 14th day of each month, Debtor shall provide to the DIP Lender a variance report/reconciliation relating to the Budget for the preceding month. All payments to be made by Debtor shall be made pursuant to the Budget, within a 10% permitted variance.

8. **Post-petition Liens**. As collateral securing the full satisfaction of the DIP Loan, the DIP Lender is hereby granted, as of the date of this Order, and without execution or recordation of filings by the Debtors of mortgages, security agreements, financing statements, or other similar documents, the following security interests and liens (collectively the "Post-petition Liens"), subject only to the Carve-out and the

5

45173447.4/022765.00259

25-51190-mlo    Doc 95    Filed 12/04/25    Entered 12/04/25 11:56:46    Page 6 of 14

exclusions and exceptions expressly set forth below (all property identified in this paragraph being collectively referred to as the "DIP Collateral"):

a. **First-position priming lien on the Building and all Debtor's other real and personal property.** Pursuant to section 364(d), a valid, binding, continuing, enforceable, fully-perfected, first priority senior security interest in and lien, which shall be senior in priority to all pre-petition and post-petition security interests and liens, including the Pre-petition Liens, but not including Tax Liens and Utility Liens, upon all Debtor's real property, including the Building and all fixtures and attached property and all Debtor's personal property.

   i. Specifically, DIP Lender's first-position priming lien shall attach to the real property commonly known as 400 Bagley Street, Detroit, MI further identified in the Motion and in the property description attached as an exhibit to the Motion.

   ii. Specifically, DIP Lender's first-position priming lien shall attach to all Debtor's personal property whether existing on the Petition Date or thereafter acquired, including without limitation, all cash and cash collateral of Debtor, inventory, accounts receivable, other rights to payment, contracts, equipment, general intangibles, documents, instruments, interests in leaseholds, copyrights, trademarks, trade names, other intellectual property, and the proceeds of all the foregoing.

6

b. **Super-priority Administrative Claims.** In addition to the Post-petition Liens granted herein, the DIP Lender shall have an allowed, super-priority, administrative expense claim under section 503(b) and section 364(c)(1) of the Bankruptcy Code (the "Super-priority Claims"), having priority over all administrative expenses of the kind specified in, or ordered pursuant to, any provision of the Bankruptcy Code, including, without limitation, those specified in, or ordered pursuant to, sections 105, 326, 328, 330, 331, 503, 506(c), 507, 546(c), 726, 1113 and 1114 of the Bankruptcy Code, or otherwise whether incurred in the Cases or any conversion thereof to a case under chapter 7 of the Bankruptcy Code. The Super-priority Claims shall be payable from, and have recourse to, all pre-petition and post-petition property of the Debtors and all proceeds thereof.

c. **Perfection.** All of the Post-petition Liens and the Super-priority Claims are, valid, enforceable and perfected, effective as of the Petition Date, and (notwithstanding any provisions of any agreement, instrument, document, the Uniform Commercial Code or any other relevant law or regulation of any jurisdiction) no further notice, filing or other act shall be required to effect such perfection. However, the DIP Lender may, in its sole discretion, choose to require the execution of, record and/or file (as applicable) mortgages, financing statements, notices of liens and other similar instruments and documents, but the execution, recordation or filing of any such documents is not necessary for the attachment, perfection

and priority of all the Post-petition Liens and Super-priority Claims as set forth above.

d. **Exclusions.** None of the Post-petition Liens or Super-priority Claims shall include liens on or claims against causes of action under sections 502(d), 544, 545, 547, 548, 549, 550 or 551 of the Bankruptcy Code, including any proceeds of, or property and interests, unencumbered or otherwise, recovered in respect of any of the foregoing claims and causes of action.

e. **First-Position Priority Exceptions.** All Post-petition Liens and Super-priority Claims granted under this Order shall be subordinate <u>only</u> to the following expenses:

   i. The Tax Liens and Utility Liens; and

   ii. Fees of the Clerk of the Bankruptcy Court and fees of the United States Trustee pursuant to 28 U.S.C. § 1930(a).

f. **Carve-Out.** All fees and expenses of Court-approved professionals, including Debtor's professionals, to the extent allowed by the Bankruptcy Court after notice and an opportunity to object, shall be deemed funded by the DIP Loan and shall be paid out of the collateral securing the DIP Loan, but only after repayment of all amounts owed to Lender. Debtor may escrow proceeds from the sale of Lender's collateral to the extent necessary to ensure sufficient funds to pay Court-approved professionals. Such funds will be deposited into a debtor-in-possession account for segregation purposes only and will remain property of the estate and not be subject to any liens.

8

45173447.4/022765.00259

25-51190-mlo    Doc 95    Filed 12/04/25    Entered 12/04/25 11:56:46    Page 9 of 14

9. **Payment of Tax Liens and Utility Liens.** Debtor may use the proceeds of the DIP Loan to pay all currently existing Tax Liens and Utility Liens without further order of the Court, whether or not such liens are pre-petition or post-petition liens, and whether or not the debts securing such liens arose before the Petition Date or after the Petition Date.

10. The purpose of the DIP Loan is to provide funding for Debtor through a sales process for the purpose of maximizing the sale proceeds of Debtor's property. Accordingly, the DIP Loan itself functions to preserve value and avoid loss for the benefit of all creditors. The following additional adequate protection to Debtor's creditors is approved:

   a. Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court; and

   b. Debtor shall maintain insurance coverage for its property in accordance with the requirements of the United States Trustee; and

   c. Debtor shall proceed expeditiously towards approval of a sale process and completion of a sale of substantially all Debtor's property including Debtor's Building. Debtor shall file a motion to approve sale procedures no later than seven days after entry of this Order.

11. Nothing in this Order shall be construed to prevent any party from filing a motion under 11 U.S.C. § 363(e) seeking different or additional Adequate Protection.

12. Unless extended by the DIP Lender and by Order of this Court, repayment of the DIP Loan shall be due in full upon the earlier to occur of (a) a sale of the Building or any of Debtor's real property, (b) occurrence of a Termination Event, or (c) maturity of the DIP Loan.

**Resolution of Objection by City of Detroit**

13.     The City of Detroit objection to the Motion is resolved as follows, which supersedes anything to the contrary in this Order or in the Motion:

   a.  The Debtor is authorized to borrow DIP Funding under the DIP Loan Documents, and directed to use any such borrowings of DIP Funding under the DIP Loan Documents and Cash Collateral, in the minimum amounts, for the express purposes, and at or within the times provided for, in the Budget, within a fifteen percent (15%) permitted variance, including, for the payment of utility deposits, casualty insurance, and the inspections and repairs set forth on Exhibit A of the Consent Agreement between the Debtor and the City ("Consent Agreement"). Any permitted variance greater than fifteen percent (15%) on any inspection or repair items required under the Consent Agreement shall require the prior written consent of the City of Detroit ("City") and the DIP Lender.

   b.  The Debtor shall provide the City, Lender and the United States Trustee with weekly reports, on the Wednesday of each week for the prior week, detailing the sources and uses of cash during the prior week, including all disbursements made in connection with the inspections and repairs in the Consent Agreement. The Debtor's providing the City with weekly debtor-in-possession bank deposit information, weekly check registers and a weekly report identifying the status of each repair shall be sufficient to comply with this requirement, so long as the information provided to the City identifies the recipient and amount of each disbursement.  Further,

10

45173447.4/022765.00259

25-51190-mlo    Doc 95    Filed 12/04/25    Entered 12/04/25 11:56:46    Page 11 of 14

the City shall have the right during normal business hours and upon prior notice to inspect the premises at any time, and from time to time, to verify that such inspections and repairs have been made or are taking place. The Debtor shall provide the City with copies of all notices, reports and other writings required to be provided to the DIP Lender under the DIP Loan Documents at the same time that they are provided to the DIP Lender.

c. As a condition of the entry of a final order granting the Financing Motion, Debtor shall (a) provide proof of casualty insurance satisfactory to the United States Trustee and the City, and (b) provide proof that post-petition utility bills and deposits are current, and the Debtor is otherwise in compliance with any orders entered under section 366 of the Bankruptcy Code. In addition, all of the inspections and repairs in the Consent Agreement shall be remedied within 60 days of the entry of this interim order, except that this 60-day period shall not apply to elevator repairs so long as Debtor immediately places an order for elevator repairs and diligently works to complete the repairs as promptly as possible; provided, however, the elevator repairs shall be made and completed by no later than 90 days after the entry of this interim order.

d. Nothing in this interim order shall modify, amend, or otherwise affect the Order (A) Determining that the Automatic Stay Does Not Apply to the City's Actions Taken to Protect the Health and Safety of its Residents Under Section 362(b)(4) of the Bankruptcy Code and, to the Extent that it

11

45173447.4/022765.00259

25-51190-mlo    Doc 95    Filed 12/04/25    Entered 12/04/25 11:56:46    Page 12 of 14

Does, (B) Granting the City Relief from the Automatic Stay for Such Purposes, entered on November 24, 2025 (Doc. No. 66), and such order shall remain in full force and effect in accordance with its terms.

**Resolution of Informal Objections**

14. Informal objections were made by Capital Impact Partners and the United States Trustee, which are resolved with the following language:

    a. This Order does not prejudice the right of Capital Impact Partners to seek further and/or additional adequate protection from the Debtor, and Capital Impact Partners expressly reserves and preserves any and all rights afforded to it, either at law or in equity, in this Case.

    b. If Lender charges Debtor with any costs or fees, including attorneys' fees, other than the up-front flat fees, Debtor and other parties-in-interest may review the amount of the fees and challenge such fees to the extent they are not reasonable.

~~13.~~15. Notice of this Order shall be given by Debtor via first class mail within 24 hours of its entry under Federal Rule of Bankruptcy Procedure 4001(d) and LBR 4001-2.

~~14.~~16. Objection Procedures:

   a. The deadline to file an objection to this Order is _____, 2025;

   b. The final hearing will be held as required by L.B.R. 4001-2 on _____, 2025 at__:__, _.m. (the "Hearing Date"), in person at 211 W. Fort St., Courtroom 1875, Detroit, Michigan 48226; and

c. If no objection is timely filed, this Order may become a final order without further notice.

~~15.~~17. Unless otherwise ordered by the Court, this Order will become a Final Order immediately after the Hearing Date if no objections are timely filed or if all objections are overruled or resolved.

~~16.~~18. While this Order remains in effect and until it becomes a final order, Debtor's use of proceeds from the DIP Loan may not exceed $465,000.

~~17.~~19. In the event of any conflict between this Order and any of the DIP Loan Documents, this Order shall govern.

~~18.~~20. This Court will retain jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order.