# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| In re:<br>LEELAND HOUSE LIMITED PARTNERSHIP COMPANY,<br>Debtor. | Case No. 25-51190<br>Chapter 11<br>Judge Maria L. Oxholm |
|---|---|

**THE CITY OF DETROIT'S LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING POST-PETITION SECURED FINANCING, GRANTING PRIORITY ADMINISTRATIVE EXPENSE AND PRIMING LIENS ON DEBTOR'S PROPERTY PURSUANT TO SECTIONS 364(c)(1) AND 364(d)(1), AUTHORIZING ADEQUATE PROTECTION AND SCHEDULING A <u>FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001</u>**

The City of Detroit ("<u>City</u>") files this limited objection ("<u>Objection</u>") to the *Debtor's Motion for Entry of Interim and Final Orders Authorizing Post-Petition Secured Financing, Granting Priority Administrative Expense and Priming Liens on Debtor's Property Pursuant to Sections 364(c)(1) and 364(d)(1), Authorizing Adequate Protection and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* ("<u>Finance Motion</u>", Doc. No. 73) and to the *Interim Order Authorizing Post-Petition Secured Financing, Granting Priority Administrative Expense and Priming Liens on Debtor's Property Pursuant to Sections 364(c)(1) and 364(d)(1), Authorizing Adequate Protection and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* ("<u>Interim Order</u>", Doc. No. 104) becoming a final order.

1

The Debtor and the City have had several productive discussions with respect to a potential resolution of the City's informal objections, but no resolution has yet been reached. Although the City remains hopeful that the parties will reach a resolution, the City files this limited objection because (a) no resolution has been reached; (b) the City received a proposed budget on January 8 but has not had a sufficient time to review the budget; and (c) the City has not been provided with a proposed final order granting the Finance Motion. In support of this limited objection, the City states as follows:

## BACKGROUND

1. On November 17, 2025, the City filed its *Motion of the City of Detroit for an Order (A) Determining that the Automatic Stay Does Not Apply to the City's Actions Taken to Protect the Health and Safety of its Residents Under Section 362(b)(4) of the Bankruptcy Code and, to the Extent that it Does, (B) Granting the City Relief from the Automatic Stay for Such Purposes* ("Stay Relief Motion," Doc. No. 37). The Stay Relief Motion sought relief from the automatic stay to enable the City to protect its residents from numerous health and safety hazards identified by the City at and on the Debtor's real property ("Leland Building"), including, without limitation, those items that the Debtor agreed to repair in a Consent Agreement that was entered in a lawsuit pending in Wayne County Circuit Court ("State Court Lawsuit"). The Consent Agreement was attached to the Stay Relief Motion and

begins at Doc. No. 37, page 35 of 97. The Consent Agreement requires the Debtor to complete specified repairs to the Leland Building.

2. Debtor did not oppose the Stay Relief Motion. (Doc. No. 61). Indeed, Debtor noted that it "has already informally agreed with the City that a process will be implemented, acceptable to the City, so that the City is fully appraised of Debtor's progress on the health and safety issues and can take appropriate actions if the Debtor is not meeting its obligations or if the health and safety of Debtor's residents is threatened." *Id.*, p. 2.

3. On November 24, 2025, the Court granted the Stay Relief Motion. ("Stay Relief Order", Doc. No. 66). The Stay Relief Order permits the City to continue prosecuting and enforcing the nuisance proceedings in the State Court Lawsuit.

4. On December 1, 2025, the Debtor filed the Finance Motion. The Finance Motion sought approval of a loan in the amount of $1.2 million. Finance Motion ¶ 19. On December 3, 2025, the Debtor filed its Supplemental Budget. (Doc. No. 91). The Supplemental Budget provides for the distribution to the Debtor of loan proceeds in the amount of $1,121,500 in December 2025. The Supplemental Budget set forth the Debtor's projected cash receipts and expenses through April 2025 and was based on the assumption that the Leland Building would have electricity and

residents (neither of which remains true). The Debtor projected that it would have $106,207 of cash on hand at the end of April, 2026.

5. On December 3, 2025, the City filed a Limited Objection to the Finance Motion. (Doc. No. 85). In the Limited Objection, the City noted that as a condition of final approval of the Finance Motion, the Debtor should be required to (a) remedy all of the health and safety violations identified by the City within 60 days of entry of the interim order, (b) provide proof of insurance satisfactory to the United States Trustee, and (c) provide proof that post-petition utility bills and deposits are current and the Debtor is otherwise in compliance with any orders entered under section 366 of the Bankruptcy Code. Limited Objection ¶ 6.

6. The Court conducted a hearing on the Finance Motion on December 4, 2025. Also on December 4, 2025, the Debtor filed its Disbursement Budget through January 15, 2026. (Doc. No. 96). Again, the Disbursement Budget assumed that the Leland Building would have electricity and residents.

7. On December 5, 2025, the Court entered the Interim Order granting the Finance Motion. The City and the Debtor resolved the City's Limited Objection on the terms set forth in paragraph 13 of the Interim Order. Those terms include (a) using the DIP loan funds for the payment of the repairs set forth on Exhibit A of the Consent Agreement; and (b) providing weekly reports detailing the use of the funds to the City and other reporting information with respect to the repairs. The Interim

Order further provided that "all of the inspections and repairs in the Consent Agreement shall be remedied within 60 days of the entry of this interim order, except that this 60-day period shall not apply to elevator repairs so long as Debtor immediately places an order for elevator repairs and diligently works to complete the repairs as promptly as possible; provided, however, the elevator repairs shall be made and completed by no later than 90 days after the entry of this interim order." Interim Order ¶ 13(c).

8. On December 8, 2025, the Debtor made the required utility deposit to DTE. However, on or about December 10, 2025, the Leland Building lost power. To date, the power has not been restored.

9. On December 11, 2025, the Court conducted a hearing on the Motion to Dismiss filed by the United States Trustee. (Doc. No. 29). On December 15, 2025, the Court entered an order regarding the Motion to Dismiss (Doc. No. 111). Pursuant to the Order, the amount of $70,000 earmarked for certain repair obligations was to be funded directly to the Debtor or into an escrow. Order, p. 2. The Debtor provided documents to the City indicating that the $70,000 has been funded but, to the City's knowledge, the funds have not been used to make repairs (in violation of the Interim Order).[1]

---

[1] The City and the Debtor have had productive discussion with respect to a resolution of this issue.

10. The City files this limited objection for the additional reasons that (a) the City received a proposed budget on January 8, 2026, but has not had sufficient time to review the budget, and (b) the City has also not been provided with a proposed final order granting the Finance Motion.

                                   MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

                                   By: /s/ Marc N. Swanson
                                        Marc N. Swanson (P71149)
                                        Ronald A. Spinner (P73198)
                                        150 West Jefferson, Suite 2500
                                        Detroit, MI 48226
                                        Phone: (313) 496-7591
                                        Fax: (313) 496-7500
                                        swansonm@millercanfield.com
                                   *Counsel for the City of Detroit*

Dated: January 8, 2026

45404311.2/022765.00259

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Case No. 25-51190 |
|---|---|
| LEELAND HOUSE LIMITED PARTNERSHIP COMPANY, | Chapter 11 |
| Debtor. | Judge Maria L. Oxholm |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 8, 2026, he caused a copy of *The City of Detroit's Limited Objection to the Debtor's Motion for Entry of a Final Order Authorizing Post-Petition Secured Financing, Granting Priority Administrative Expense and Priming Liens on Debtor's Property Pursuant to Sections 364(c)(1) and 364(d)(1), Authorizing Adequate Protection and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* to be served via ECF upon all such parties registered for service.

                              By: /s/ Marc N. Swanson
                                  Marc N. Swanson (P71149)
                                  150 West Jefferson, Suite 2500
                                  Detroit, MI  48226
                                  Phone: (313) 496-7591
                                  Fax: (313) 496-7500
                                  swansonm@millercanfield.com

Dated: January 8, 2026

45404311.2/022765.00259

25-51190-mlo    Doc 118    Filed 01/08/26    Entered 01/08/26 18:12:03    Page 7 of 7