UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

LELAND HOUSE LIMITED PARTNERSHIP COMPANY,

Case No. 25-51190-mlo
Chapter 11
Hon. MARIA L. OXHOLM

_____Debtor._____/

# LELAND HOUSE TENANTS UNION and INDIVIDUAL TENANTS OBJECTION TO DEBTOR'S MOTION TO SELL THE SUBJECT PROPERTY FREE AND CLEAR [129[, AND TO CONDITION THE SALE ON PROTECTION OF MOVANTS' LEASEHOLD INTERESTS

NOW COME Marcellos Bell, Daryl Stewart, and Cordale Smith, who are tenants of the Property located at 400 Bagley St, Detroit, MI 48226 (the "Subject Property"), along with the Leland House Tenants Union, on behalf of its members, by and through undersigned counsel, and, for the reasons set forth in their supporting brief, move this Court for entry of an order enjoining Debtor's Motion to Sell the Property Free and Clear and conditioning the proposed sale of the subject property on the transfer of all unexpired leases of rental units located therein and granting such other and further relief as is just and proper.

Respectfully submitted,
*/s/ Kurt Thornbladh*
Kurt Thornbladh (P25858)
THORNBLADH LEGAL GROUP PLLC
Attorney for Tenant Movants
7301 Schaefer Road
Dearborn, MI 48126
(313) 943-2678
kthornbladh@gmail.com

/s/ Donovan McCarty_____
Donovan McCarty (P80907)
Attorney for Tenant Movants
MICH. STATE UNIV. COLLEGE OF LAW
HOUSING JUSTICE CLINIC
648 N Shaw Ln,
East Lansing, MI 48824
 (517) 432-6967
dmccarty@law.msu.edu

/s/ Matthew S. Erard_____
Matthew S. Erard (P81091)
Attorney for Tenant Movants
GOODMAN HURWITZ & JAMES, P.C.
684 W Baltimore St Suite 201
Detroit, MI 48202
(248) 765-1605
merard@goodmanhurwitz.com

January 27, 2026

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

LELAND HOUSE LIMITED  Case No. 25-51190-mlo
PARTNERSHIP COMPANY,  Chapter 11
                     Hon. MARIA L. OXHOLM
_____Debtor._____/

# BRIEF IN SUPPORT OF TENANTS' OBJECTION TO DEBTOR'S MOTION TO SELL THE SUBJECT PROPERTY FREE AND CLEAR [129[, AND TO CONDITION THE SALE ON PROTECTION OF MOVANTS' LEASEHOLD INTERESTS

# TABLE OF CONTENTS

Index of Authorities……………………………………………4

Statement of Facts…………………………………………...4-7

Standard of Review…………………………………………….8

Legal Analysis …………………………………………………8

    I.    Any Sale Of The Subject Property Must Be Conditioned On The Protection Of Tenant Movants' Existing Leases…….8-9
    II.    Tenants have Rights as Executory Contract Parties….109

    Request for Relief…………………………………………11

    Certificate of Service……………………………………12-13

# INDEX OF AUTHORITIES

## Cases – State

*Plaza Inv. Co. v. Abel*, 8 Mich. 153 N.W.2d 379 (Mich. Ct. App. 1967)…..9

## Statutes - Federal

11 U.S.C. § 363(e)…………………………………………….8, 9
11 U.S.C. § 363(f)……………………………………… 8, 9
11 U.S.C. § 365(h)(1)(A)(ii)…………………………………..6,7

## Statutes – State

MICH. COMP. LAWS § 554.134(1)…………………………….5

## STATEMENT OF FACTS

The Leland House Tenants' Union (LHTU) is a branch organization of the Detroit Tenants Union (DTU), composed of at least twenty-two current residential tenants of the Debtor's Leland House property located at 400 Bagley Avenue, in the City of Detroit, Michigan (the "Subject Property"), including Marcellos Bell, Daryl Stewart, and Cordale Smith, who are tenants of the Subject Property and members of the LHTU (the "Named Residents", and collectively with LHTU, "Tenant Movants"). The Named Residents bring this motion on behalf of themselves, and LHTU brings this motion on behalf its members.

On November 3, 2025, the Debtor commenced this case under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. Following an electric power

4

outage to their building of residence on December 10, 2025, the City of Detroit Fire Marshal, Donald Thomas, ordered that the building be vacated. While directing tenants to leave the building for the night and offering accommodation at the Southfield, Michigan Red Roof Inn, officials from the City's Fire Department and Housing and Revitalization Department assured tenants that the building would continue to remain accessible to them, leading tenants to leave their personal belongings in their homes.

Contrary to its representations made to tenants, however, the City immediately chain-locked the doors to the building and posted notice that the City's Fire Chief or Marshal had ordered the building closed to entry. Consequently, Tenant Movants and others similarly situated have been deprived of access to their most essential personnel belongings for roughly a month and half as of the present date.

Each of the Tenant Movants, including each member of the LHTU remains a holder of an unexpired lease of their residential unit within the Subject Property, which has not been terminated. *See* MICH. COMP. LAWS § 554.134(1). As such, even assuming that the building's power loss gives rise to an emergency sufficient to fully deprive residents of access to their homes, they retain all rights under their lease agreements, including the "right of use, possession, [and] quiet enjoyment." *See* 11 U.S.C. § 365(h)(1)(A)(ii).

On information and belief, the United States Trustee has neither assumed nor rejected the residential leases of any Tenant Movants pursuant to 11 U.S.C. § 365. Nor has the City of Detroit provided Tenant Movants or other building residents any notice or opportunity for a hearing in regard to their mandatory evacuation from their homes and their complete deprivation of access to nearly all of their personal property.

On January 13, 2026, the Court entered an Order authorizing the Debtor to remove, dispose of, or otherwise address personal property located at the Subject Property. (Docket No. 131, pp. 11-14, ¶¶ 14(b)-(d) (the "Removal Order")).[1] The City is also subject to the Removal Order, pursuant to its terms. Tenant Movants maintain personal property at the Subject Property, including, without limitation, identification documents, medications, essential household goods, clothing, children's items, tools of trade, electronics, jewelry, precious family heirlooms, cremated remains of deceased loved ones, rare books, multimedia collections, valuables and currency, biographical materials, portfolios, photo albums, personal records, furniture, fine art, musical instruments, and other personal effects, which are at imminent risk of loss or destruction absent Court intervention.

---

[1] See Docket 131: Final Order Authorizing Post-Petition Secured Financing, Granting Priority Administrative Expense and Priming Liens on Debtor's Property Pursuant to Sections 364(C)(1), 364(C)(3), at 11-14, ¶¶ 14(b)-(d).

6

The City has issued, or may issue, directives or notices relating to occupancy, code compliance, and access at the Subject Property, and its coordination is necessary to effectuate lawful retrieval process, especially given that they are already subject to the Removal Order. On information and belief, the process of testing and restoring the building's electrical system is actively underway through the services of Bayview Electric Company LLC and Transformer Inspection Retrofill Corp. in cooperation with the Debtor and Subject Property owner.

## STANDARD OF REVIEW

**A. Conditioning Sale of Property on Adequate Protection of Leasehold Interests.**

11 U.S.C. § 363(e) provides that:

> [A]t any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

## LEGAL ANALYSIS

**I. ANY SALE OF THE SUBJECT PROPERTY MUST BE CONDITIONED ON THE PROTECTION OF TENANTS' EXISTING LEASES AND PROPERTY INTERESTS.**

On January 13, 2026, Debtor filed a Motion to Sell Property Debtor's Building and Adjacent Parking Lot Free and Clear of Liens and Other Interests pursuant to 11 U.S.C. § 363(f) (Docket No. 129). Despite having never served that motion, Tenant Movants hereby timely object to such sale insofar as it is not conditioned on the protection of their interest in the Subject Property.

Under 11 U.S.C. § 363(f). the Subject property may be sold free and clear of any interest in such property only if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or

8

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Here, no applicable state law permits the sale of such property free and clear of Tenant Movants' interest or allows Tenant Movants to be compelled to accept a money judgment satisfaction thereof. To the contrary, it is "firmly embedded in the law of this State" that an estate in land takes precedence over later interests arising during the existence of the tenancy." *Plaza Inv. Co. v. Abel*, 8 Mich. 153 N.W.2d 379, 381-82 (Mich. Ct. App. 1967). Likewise, in light of Debtor's own representations to the Court, Tenant Movant's interest cannot be subject to any genuine dispute. And Tenant Movants have not consented to selling the Subject Property free and clear of their continued interests.

11 U.S.C. § 363(e) provides in pertinent part:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

Accordingly, in order to protect their interests in the Subject Property, Tenant Movants respectfully request that any sale of the Subject Property be expressly conditioned on the transfer of all existing rental leases located therein to the property's new owner.

## II. TENANTS HAVE RIGHTS AS EXECUTORY CONTRACT PARTIES.

The Tenants have a property interest in their leases, however short, because he have rights as parties to an executory contract with the Debtor. 11 U.S.C. § 365(h)(1)(A)(ii). Potentially they could secure a return to occupancy and even if they do not, rejection of their executory contract rights turns them into creditors. The Court should address this in any Order permitting sale. Even though their occupancy was interrupted, they have a potential right of return to tenancy. Further they are owed a warranty of protection of their personal property. They should be allowed to return to exercise their rights. Third party moving their property runs the risk of theft, lack of due care, and lossage.

## REQUEST FOR RELIEF

WHEREFORE, Tenant Movants respectfully request that the Court enter an order enjoining Debtor's Motion to Sell the Property Free and Clear and conditioning the proposed sale of the subject property on the transfer of all unexpired leases of rental units located therein and grant such other and further relief as is just and proper.

Respectfully submitted,
/s/ *Kurt Thornbladh*
Kurt Thornbladh (P25858)
THORNBLADH LEGAL GROUP PLLC
Attorney for Tenant Movants
7301 Schaefer Road
Dearborn, MI 48126
(313) 943-2678
kthornbladh@gmail.com

/s/ *Donovan McCarty*
Donovan McCarty (P80907)
Attorney for Tenant Movants
MICH. STATE UNIV. COLLEGE OF LAW
HOUSING JUSTICE CLINIC
648 N Shaw Ln,
East Lansing, MI 48824
 (517) 432-6967
dmccarty@law.msu.edu

/s/ *Matthew S. Erard*
Matthew S. Erard (P81091)
Attorney for Tenant Movants
GOODMAN HURWITZ & JAMES, P.C.
684 W Baltimore St Suite 201
Detroit, MI 48202
(248) 765-1605
merard@goodmanhurwitz.com

Dated January 27, 2026

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

LELAND HOUSE LIMITED
PARTNERSHIP COMPANY,

Case No. 25-51190-mlo
Chapter 11
Hon. MARIA L. OXHOLM

_____Debtor._____/

CERTIFICATE OF SERVICE

Kurt Thornbladh certifies and says that he served Kurt Thornbladh certifies and says that he served **NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF PAPERS** upon the parties listed below on the date stated below by ECF/CM CASE MANAGEMENT electronic filing platform:**ason W. Bank**   jbank@kerr-russell.com, nnajor@kerr-russell.com

- **Danielle Rushing Behrends**   dbehrends@dykema.com, lvasquez@dykema.com;ecfpleadings@kccllc.com
- **Brendan G Best**   bgbest@varnumlaw.com, tachristians@varnumlaw.com
- **Sean M. Cowley (UST)**   Sean.cowley@usdoj.gov
- **Jill M. Gies (UST)**   jill.gies@usdoj.gov
- **Stuart A. Gold**   sgold@glmpc.com, sgold@ecf.courtdrive.com
- **Ryan D. Heilman**   ryan@heilmanlaw.com, cindy@heilmanlaw.com
- **Trent W. Huskey**   twhuskey@varnumlaw.com
- **Richardo I. Kilpatrick**   ecf@kaalaw.com, Rkilpatrick@ecf.courtdrive.com;ksmith@ecf.courtdrive.com;crik11@trustesolutions.net
- **Anthony J. Kochis**   akochis@wolfsonbolton.com, stravis@wolfsonbolton.com;ECFAdmin@wolfsonbolton.com
- **Danielle Love**   dkus@kerr-russell.com
- **Anthony James Miller**   am@osbig.com
- **Yuliy Osipov**   yotc_ecf@yahoo.com, yo_ecf@osbig.com;tc_ecf@osbig.com
- **Melinda B. Oviatt**   moviatt@kaalaw.com
- **Christopher Pullman**   cpullman@wolfsonbolton.com
- **Ronald A. Spinner**   spinner@millercanfield.com
- **Marc N. Swanson**   swansonm@millercanfield.com, Kidd@MillerCanfield.com;brennan@millercanfield.com

And further the parties to the attached mailing matrix provided by the Clerk of the Court were served by First Class U.S. mail:  NOT APPLICABLE

I hereby certify the foregoing and true and correct under penalty of perjury and contempt of court under the laws of the United States of America. 28 USC § 1746.

12

FOR THE DEBTOR:

By: /s/ *Kurt Thornbladh*
KURT THORNBLADH P25858
Thornbladh Legal Group PLLC
7301 Schaefer Road
Dearborn MI 48126-4915
(313) 943 2678
kthornbladh@gmail.com

Executed: 1/27/26