# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LELAND HOUSE LIMITED PARTNERSHIP COMPANY,<br><br>       Debtor. | Case No. 25-51190<br><br>Chapter 11<br><br>Judge Maria L. Oxholm |

## THE CITY OF DETROIT'S OBJECTION TO THE
## UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE

The City of Detroit ("City") objects to the *United States Trustee's Motion to Dismiss Case* ("Motion", Doc. No. 179). Though the City appreciates the United States Trustee's ("UST") views, circumstances in this unusual case continue to evolve. Dismissal is not appropriate because progress has been made since the Motion was filed, including the Debtor's proposal of a viable sale process that should yield a better outcome for all stakeholders than any possible alternative. Thus, even were the Court to find that cause exists that ordinarily would support dismissal, this is one of the rare situations where unusual circumstances exist to reject that outcome.

## ARGUMENT

The UST argues that the case "is at a standstill with little hope for a successful outcome" (Motion, p. 1). This arguably may have true when the Motion was filed, but is no longer an accurate statement. Since February 27, the day the Motion was filed, there have been a number of developments, including

1

50405836.2/022765.00259

25-51190-mlo    Doc 221    Filed 03/23/26    Entered 03/23/26 16:10:36    Page 1 of 6

- The City filed its *Motion of the City of Detroit to Approve (A) Tenant Property Removal Procedures and (B) Administrative Expense Claim* ("Tenant Procedures Motion," Doc. No. 181) and has mediated its proposed procedures with the Detroit Tenants Union ("DTU"). The City and DTU have agreed in principle on a set of procedures to restore the Tenants' belongings to them at City expense, which the City believes the DTU is currently seeking to approve by tenant vote.

- As discussed at the March 19 hearing before this Court, the City and the Debtor believe they have a strategy to restore partial power to the building at a manageable cost. This should provide sufficient power to implement the procedures noted above and enhance the sale process discussed below.

- The City, DTU, and the Debtor have discussed resolutions to unsecured and administrative asserted claims against the Debtor. The parties believe they have a potential framework for a resolution which should yield relief to the City and the DTU's members while also easing the Debtor's ability to confirm a plan.

- The Debtor has filed a motion to propose sale procedures ("Bidding Procedures Motion," Doc. No. 191) and a combined plan and disclosure statement ("Plan," Doc. No. 211). The Debtor has also moved to add counsel so that it can meet its obligations to the Court in this bankruptcy case. (Doc. Nos. 207, 208).

These significant developments permit this case to move forward. In particular, the Debtor's proposed sale procedures should allow the Debtor to propose a sale for Court consideration before its Debtor-in-Possession financing runs out.[1] Thus, the UST's stated causes for dismissal appear to have been resolved.

---

[1] Objections have been filed to the Bidding Procedures Motion, but as the City pointed out in the most recent hearing, the objections raised are more properly considered objections to a sale. The Debtor has not yet proposed a sale for Court consideration, and indeed, cannot do so until after the proposed auction occurs.

2

But, even if cause remains to dismiss this case, the City believes that "unusual circumstances" exist that override this concern.  Section 1112(b)(2) states that a

> court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
> (i)  for which there exists a reasonable justification for the act or omission; and
>
> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).  A Michigan court has interpreted this section:

> The undefined term "unusual circumstances" as used in the statute contemplates conditions that are not common in Chapter 11 cases.  *In re Fall*, 405 B.R. 863, 870 (Bankr. N.D. Ohio 2008); *In re Products International Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008); *In re Fisher*, 2008 WL 1775123 (Bankr. D. Mont. 2008).  Courts, citing a leading bankruptcy treatise, have explained:
>
> > Although section 1112(b) does not define the phrase "unusual circumstances," it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances

3

> demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding.

*See, e.g., In re Fall*, 405 B.R. at 870 (citing Collier on Bankruptcy).

*In re Wilderness Crossings, LLC*, 440 B.R. 484, 485–86 (Bankr. W.D. Mich. 2010).

The City submits that the circumstances of this case are indeed unusual. The issues at the Debtor's building have led to displaced tenants who need access to their personal belongings. While the case remains in chapter 11, there are tools to help the City facilitate this reunion. The chapter 11 process permits there to be a sale backed by a stalking horse, making possible recoveries for the City and for tenants. Together, these results should make a confirmable plan possible.

Importantly, though some (including the UST) argue that there is cause to dismiss, no one has suggested that a state court process would be any faster or more effective or yield tangible benefits to any creditor. This building is unlikely to sell for more than the amount of alleged secured claims no matter where or how the sale occurs. Frankly, a sale in bankruptcy is likely to yield the best possible sale price, which stands to benefit all. It is unclear how long it might take for a sale outside of bankruptcy to occur, or what such a sale might yield.

Similar to how Judge Dales "applaud[ed] the UST's vigilance in monitoring Chapter 11 bankruptcy proceedings" in *Wilderness Crossings*, the City respects the UST's efforts here. *Id.* at 489. Nonetheless, the City respectfully asserts that conditions have improved enough since the Motion was filed to justify seeing this

4

case through to its conclusion in this Court.  Any other option likely will involve more cost and delay, during which the building might deteriorate further.  There are solutions at hand to the problems noted by the UST.  After the effort and costs incurred by the parties to develop these solutions, they should be permitted to bear fruit.  The City urges the Court to deny the Motion.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Ronald A. Spinner
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    150 West Jefferson, Suite 2500
    Detroit, MI  48226
    Phone: (313) 496-7829
    Fax: (313) 496-7500
    spinner@millercanfield.com
    *Counsel for the City of Detroit*

Dated:  March 23, 2026

50405836.2/022765.00259

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LELAND HOUSE LIMITED PARTNERSHIP COMPANY,<br><br>Debtor. | Case No. 25-51190<br><br>Chapter 11<br><br>Judge Maria L. Oxholm |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 23, 2026, he caused a copy of

*The City of Detroit's Objection to the United States Trustee's Motion to Dismiss Case*

to be served via ECF upon all such parties registered for service.

By: /s/ Ronald A. Spinner
Ronald A. Spinner (P73198)
150 West Jefferson, Suite 2500
Detroit, MI  48226
Phone: (313) 496-7829
Fax: (313) 496-7500
spinner@millercanfield.com

Dated: March 23, 2026