**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re:<br><br>LELAND HOUSE LIMITED PARTNERSHIP COMPANY,<br><br>Debtor. | Case No. 25-51190<br><br>Chapter 11<br><br>Honorable Maria L. Oxholm |
|---|---|

**ORDER GRANTING, IN PART, MOTION OF THE
CITY OF DETROIT TO APPROVE (A) TENANT PROPERTY REMOVAL
PROCEDURES AND (B) ADMINISTRATIVE EXPENSE CLAIM**

This matter is before the Court on the *Motion of the City of Detroit to Approve (A) Tenant Property Removal Procedures and (B) Administrative Expense Claim* ("**Motion**," Doc. No. 181)[1] filed by the City of Detroit ("**City**"); responses having been filed by Matthew McLain and Kelly McLain (Doc. Nos. 186 and 187, respectively), and an objection having been filed by the Detroit Tenants Union ("**DTU**") (Doc. No. 189); the Court, having held a hearing on the Motion on March 12, 2026, at which time the parties involved agreed to mediation, and the Court having noted on the docket that mediation would take place in front of Judge Lita M. Popke on March 18, 2026, beginning at 9:30 a.m.; the mediation having been conducted with respect to a revised version of the "Tenant Property Removal Procedures" attached to the Motion as Exhibit 6A; a follow up mediation having been held by Judge Popke and attended by the City, the DTU, and the Debtor

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

(collectively, the "**Parties**") on April 1, 2026, which mediation resulted in an executed agreement; the Parties having filed a Stipulation at Docket Number [224] requesting entry of this Order, attaching both the revised Tenant Property Removal Procedures agreed to in mediation and a redline of these procedures to the version attached to the Motion; the Court after having reviewed the Motion, responses, objection, and the Stipulation, and otherwise being advised in the premises, finding good and sufficient cause for the entry of this Order;

Now, therefore, **IT IS HEREBY ORDERED** as follows:

1. The Motion is granted to the extent set forth in this Order.

2. The Tenant Property Removal Procedures (which include the exhibits attached thereto) (collectively, the "Tenant Property Removal Procedures") attached as Exhibit B to the Stipulation are incorporated herein as a part of this Order and are approved.

3. Due to the unique circumstances of tenants Ann Smith and Charles Gibson (the "Exception Tenants"), the Tenant Property Removal Procedures treat the Exception Tenants differently:

(a) The Debtor will remain responsible for the packing and removal of the Exception Tenants' belongings.

(b) The Debtor will promptly use the $100,000 discussed in paragraphs 14(c) and (d) of the *Final Order Authorizing Post-Petition Secured Financing, Granting Priority Administrative Expense and Priming Liens on Debtor's Property Pursuant to Sections 364(c)(1), 364(c)(3), 364(d)(1), and Authorizing Adequate Protection* entered

at Docket Number 131 to pack and move the Exception Tenants' belongings.

(c) When completed, the Debtor promptly will (i) provide an accounting to the City regarding the costs of packing and moving the Exception Tenants' belongings and (ii) pay any balance remaining from the $100,000 to the City for use in funding the Tenant Property Removal Procedures.

4. The City of Detroit ("City") may take any actions it deems necessary or appropriate to implement the Tenant Property Removal Procedures.

5. The portion of the Motion pertaining to the City's request for an allowed administrative expense is continued until further notice by the Court (or the City's renewed request for a hearing).

6. Nothing in this Order may be construed as either granting or denying the administrative expense relief requested by the City.

7. Nothing in this Order shall prohibit, bar, or otherwise affect any right the Debtor or the City may have to seek to surcharge any property securing an allowed secured claim under section 506(c), prosecute an "equities of the case" exception under section 552(b), or pursue any other rights the City may have under section 105, 363(b), or otherwise, in order to recover or otherwise be repaid for all or any portion of the funds the City has expended or will expend under the Tenant Property Removal Procedures or otherwise during this case. The Debtor agrees to join with the City in a motion for surcharge under Bankruptcy Code section 506(c) so that the City may attempt to recover all of its costs and expenses (as described in the Motion).

3

8.    Nothing in this Order prohibits or bars the City from filing additional motions or applications or renewed requests for administrative expenses or other relief.

9.    This Order and the Tenant Property Removal Procedures are intended to be effective only during this chapter 11 case and shall no longer be effective upon and at any time after the conversion or dismissal of this chapter 11 case; and, as such, the City shall have no duty or obligation of any kind under this Order or the Tenant Property Removal Procedures to provide any further funding or otherwise at any time after such conversion or dismissal; provided, however, that the City shall have and retain all of the rights and benefits provided to it under this Order that have accrued at any time prior to such conversion or dismissal.

10.    This Order is effective immediately upon its entry.

11.    The Court retains jurisdiction over the enforcement, implementation, and interpretation of this Order and the Tenant Property Removal Procedures.

**Signed on April 3, 2026**



/s/ Maria L. Oxholm

**Maria L. Oxholm**
**United States Bankruptcy Judge**