**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Leland House Limited          Case No. 25-51190
     Partnership Company,          Chapter 11
                            Hon. Maria L. Oxholm

              Debtor.

_____/

**UNITED STATES' OBJECTION TO THE DEBTOR'S COMBINED PLAN**
**OF REORGANIZATION AND DISCLOSURE STATEMENT**
**[ECF NO. 211]**

The United States of America, on behalf of the Internal Revenue Service ("IRS"), hereby objects to confirmation of Debtor's Combined Plan of Reorganization and Disclosure Statement (the "Plan") for the following reasons:

1.	Debtor filed a petition for protection under Chapter 11 of the Bankruptcy Code on November 3, 2025, and filed a Combined Plan of Reorganization and Disclosure Statement on March 18, 2026.  (ECF No. 211.)

2.	The IRS filed a proof of claim on January 7, 2026.  (Claim No. 7-1.) The IRS's claim is in the total amount of $33,861.00, and consists of a secured claim of $12,499.91, a priority claim of $1,832.61, and a general unsecured claim of $19,528.48.  (*Id.*)

3.	The Plan, at Section 3.1.1, states that the total amount of secured claims is $19,742,164.13, and that aside from Capital Impact Partners, all creditors assert

1

secured claims in Debtor's real property only. (ECF No. 211, p. 12.) Pursuant to 26 U.S.C. § 6321, the IRS's liens attach to all of Debtor's property and rights to property, "whether real or personal." Accordingly, the IRS objects to the Plan to the extent that it fails to provide for the IRS's liens against Debtor's personal property.

4. The IRS also objects to the Plan to the extent that it fails to pay priority taxes as defined by 11 U.S.C. §507(a)(8), in equal, monthly cash payments in the full allowed amount of the claim within five ("5") years of the Order of Relief under 11 U.S.C. §1129(a)(9)(C), and to the extent that it does not provide the IRS with the statutory rate of interest on its priority and secured claims in the amount of six ("6") percent.

5. Finally, the United States also objects that the Plan fails to provide for adequate default language in violation of 11 U.S.C. §1123 (a)(5)(G), providing no notice to parties of interest indicating that the Plan is defaulting. The IRS requests the following default provision:

> Upon the failure of the debtor to make any payment due on any administrative, secured, priority or general unsecured claim of the Internal Revenue Service, or failure to file the necessary tax returns and make adequate deposits, which is not cured within 30 days of the mailing of a notice of default by the Internal Revenue Service, the Internal Revenue Service may exercise all rights and remedies applicable under non-bankruptcy law for collection of its entire claim and/or seek appropriate relief from this Court. In the event this case is converted to a Chapter 7 proceeding, all property of the debtor; debtor-

in-possession; or reorganized debtor, which will revest upon confirmation of the Plan of reorganization and all of debtor's after acquired property shall be property of the Chapter 7 trustee.

Wherefore, the United States respectfully objects to the Debtor's Chapter 11 Plan and requests that the Court deny confirmation.

JEROME F. GORGON JR.
United States Attorney

/s/Gregory B. Dickinson
GREGORY B. DICKINSON
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9678
Email:
Gregory.Dickinson@usdoj.gov
(Ill. Bar 6326817)

Dated: April 7, 2026

3